COURT OF APPEALS
DECISION
DATED AND FILED

April 9, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2232-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2022CF518

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOSHUA D. JOHNSON,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Dane County: MARIO WHITE, Judge. *Affirmed*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Joshua D. Johnson appeals a judgment of conviction for possession of a firearm by a felon. Johnson argues that the circuit

court erred by denying his motion to suppress evidence before he entered a plea to the charge. The suppression motion challenged the sufficiency of the affidavit submitted by police to support the issuance of a judicial warrant that police relied on to search a vehicle associated with Johnson.[1] We conclude that the court did not err in denying the motion to suppress the warrant based on an insufficient affidavit.

## BACKGROUND

¶2 On July 7, 2017, a Madison police detective submitted an affidavit to the warrant-issuing judge as support for a warrant to search a 2006 black Chrysler Pacifica ("the Chrysler") bearing a Wisconsin license plate that is identified in the affidavit. Items identified for the search of the Chrysler included firearms, drug-related contraband, biological and trace evidence, and personal property that might establish the identity of the person in control or ownership of the Chrysler. The detective averred the following in support of the warrant.

¶3 The detective was investigating a "shooting incident" that had occurred that day, July 7, in the 1700 block of Fordem Avenue in Madison. The detective had reviewed records from the Dane County Communications Center and discovered that Joshua D. Johnson had called 911 to report that he had been shot and that he was then sitting in a vehicle. A witness reported that the witness had observed an individual, who was later identified as Joshua D. Johnson, exit the driver's side of the Chrysler. Another police detective reported that Johnson had a

---

[1] The warrant was issued by the Hon. John Hyland. All other circuit court actions referred to in this opinion were by the Hon. Mario White. For the most part, we refer to Judge Hyland as "the warrant-issuing judge" and to Judge White as "the circuit court."

2

"through-and-through gunshot wound to his right elbow." A police sergeant located the Chrysler. The sergeant reported that, while she was near the Chrysler, she detected an odor of marijuana and observed cash in the Chrysler's front driver's side door.

¶4 After the warrant-issuing judge approved a search warrant based on this affidavit, the police searched the Chrysler and recovered Johnson's driver's license, cash, and a loaded handgun. Johnson was charged with one count of felon in possession of a firearm and one count of concealing a stolen firearm.

¶5 Johnson filed a motion in the circuit court to suppress the evidence from the search of the Chrysler. Johnson asserted that, although the affidavit averred that the sergeant had detected marijuana odor while at the Chrysler and observed cash in the front driver's side door, the police report written by the sergeant made no mention of marijuana odor or cash. Johnson also asserted that the affidavit left out the information that the sergeant had discovered the cash only after she opened the door of the Chrysler, at a time when police lacked probable cause and had not yet obtained the warrant. Accordingly, Johnson argued, when the statements regarding the marijuana odor and cash were excluded from the affidavit, the search warrant was not supported by probable cause.

¶6 The circuit court took evidence at a hearing on the suppression motion and then considered arguments from the parties on issues that included whether, if statements regarding the marijuana odor and cash are excluded from the search warrant affidavit, the affidavit still supported probable cause. The court issued a written decision and order denying Johnson's motion to suppress evidence. The court defined the central issue as "whether police had sufficient

probable cause to obtain the search warrant without the information regarding the odor of marijuana and the observation of cash in the car."

¶7      Johnson pled guilty to one count of felon in possession of a firearm, and the count of concealing a stolen firearm was dismissed. After the circuit court sentenced Johnson, he appealed the suppression ruling. *See* WIS. STAT. § 971.31(10) (2023-24)[2] ("An order denying a motion to suppress evidence … may be reviewed upon appeal from a final judgment or order notwithstanding the fact that the judgment or order was entered upon a plea of guilty or no contest to the information or criminal complaint.").

## DISCUSSION

¶8      On appeal, Johnson's only developed argument is that the circuit court erred when it denied his motion to suppress. Specifically, Johnson argues that, when one ignores the allegations in the affidavit regarding the marijuana odor and cash in the door of the Chrysler, the affidavit does not establish probable cause. We conclude that Johnson has not met his burden to establish that the affidavit, when one excludes these topics, is clearly insufficient to provide a substantial basis to determine that there was a fair probability that a search of the Chrysler would uncover evidence related to a crime.

¶9      The Fourth Amendment to the United States Constitution protects individuals against unreasonable searches. *See* U.S. CONST. amend. IV. "[Article I, section 11 of the] Wisconsin Constitution contains nearly identical

---

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

protections … which we have interpreted consistent with its federal counterpart." *State v. VanBeek*, 2021 WI 51, ¶23, 397 Wis. 2d 311, 960 N.W.2d 32.

¶10     "A search warrant may issue only on probable cause." *State v. Romero*, 2009 WI 32, ¶16, 317 Wis. 2d 12, 765 N.W.2d 756.  An affidavit for a search warrant provides probable cause when it sets forth "'a substantial basis for concluding that there was a fair probability that a search of the specified premises would uncover evidence of wrongdoing.'"  *State v. Jackson*, 2016 WI 56, ¶79, 369 Wis. 2d 673, 882 N.W.2d 422 (quoted source omitted).  Whether a warrant is supported by probable cause is a "'practical, commonsense decision'" that is made by examining the totality of the circumstances.  *State v. Ward*, 2000 WI 3, ¶¶23, 26, 231 Wis. 2d 723, 604 N.W.2d 517 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

¶11     "In reviewing whether probable cause existed for the issuance of a search warrant, we are confined to the record that was before the warrant-issuing judge."  *State v. DeSmidt*, 155 Wis. 2d 119, 132, 454 N.W.2d 780 (1990).  Our "[r]eview of the warrant-issuing judge's finding of probable cause is not de novo."  *Id.*  Rather, we give "'great deference to the warrant-issuing judge's determination of probable cause, and that determination will stand unless the defendant establishes that the facts are clearly insufficient to support a finding of probable cause.'"  *Romero*, 317 Wis. 2d 12, ¶18 (quoted source omitted).  This deferential standard of review is "'appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant.'"  *DeSmidt*, 155 Wis. 2d at 133 (quoting *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984)).

¶12     In determining whether a search warrant affidavit provides probable cause, a warrant-issuing magistrate is permitted to make the "'usual inferences

5

[that] reasonable persons would draw from the facts'" averred in the affidavit. ***Ward***, 231 Wis. 2d 723, ¶28 (quoted source omitted). "The test is not whether the inference drawn is the only reasonable inference. The test is whether the inference drawn is a reasonable one." ***Id.***, ¶30.

¶13 We conclude that the following allegations are sufficient to allow the warrant-issuing judge to determine that there was probable cause to believe that evidence related to a crime would be found in a search of the Chrysler. On the same day the police were investigating a shooting incident in Madison, Johnson called 911 and reported that he had been shot and that he was sitting in a vehicle. Johnson had a serious gunshot wound to his right elbow. A witness observed an individual, later identified as Johnson, exit the driver's side of the Chrysler. Putting these allegations together, this was enough to support a "practical, commonsense decision" that Johnson had been shot in a manner that would constitute, or at a minimum relate to, a crime and that he was in the Chrysler at some point after he was shot, resulting in a fair probability that evidence related to the shooting would be found in the Chrysler.

¶14 Johnson argues that these facts are insufficient because they do not definitively place him or the Chrysler "at the scene of the shooting at Fordem Avenue." However, the issue is not whether the averments in the affidavit are sufficient to place Johnson or the searched vehicle at the scene of the shooting. Rather, we review whether the affidavit sets forth "a substantial basis for concluding that there was a fair probability that a search of the specified premises would uncover evidence of wrongdoing." ***See Jackson***, 369 Wis. 2d 673, ¶79. The warrant-issuing judge was presented with a series of reasonable inferences related to a shooting of Johnson and the Chrysler, one of which is that Johnson

was in the Chrysler after he had been shot, creating a fair probability that evidence related to a crime would be found in the Chrysler.

¶15    Johnson directs our attention to *State v. Clark*, 2003 WI App 121, 265 Wis. 2d 557, 666 N.W.2d 112, but *Clark* has nothing to say on the issue here, namely, whether the affidavit (with the two topics excluded) provided probable cause for the search warrant. In *Clark*, this court determined that towing a vehicle was not a proper exercise of the police's community caretaker function, and as a result, the subsequent, warrantless inventory search by police violated the defendant's constitutional rights. *See Clark*, 265 Wis. 2d 557, ¶¶1, 19-27.

¶16    In an unclear argument, Johnson also asserts that the circuit court erred in denying the suppression motion because, in explaining its conclusion that the affidavit supported probable cause, the court referred to evidence not contained in the affidavit. However, Johnson fails to develop an argument as to how the circuit court's reliance on this evidence has any bearing on the only issue that Johnson has developed on appeal, which is whether the warrant-issuing magistrate could properly find probable cause based on the affidavit (as interpreted without the two topics discussed above), and we reject this argument on that basis. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (We need not address arguments that are undeveloped and unsupported by legal authority.).

## CONCLUSION

¶17    For these reasons, we affirm the judgment of the circuit court.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.